# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**KIMBERLY BELLAMY,**

    **Plaintiff,**

**vs.**                                              **Case No. 4:26cv23-MW-MAF**

**FLORIDA DEPARTMENT OF VOCATIONAL REHABILITATION,**

    **Defendant.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se and with in forma pauperis status, has filed an amended civil rights complaint. ECF No. 6, asserting claims under Title II of the Americans with Disabilities Act (ADA), and Section 504 of the Rehabilitation Act.  Notably, Plaintiff was previously advised that she must allege specific facts in the amended complaint which show how the Defendant violated those Acts.  ECF No. 5.  Having reviewed Plaintiff's amended complaint, the Court concludes that she has not done so.

In general, Plaintiff contends that she has been subjected to "deliberate delays, denial of services, and retaliation by Defendant."  ECF

No. 6 at 2.  Plaintiff has been diagnosed with PTSD and claims that she is "a qualified individual with a disability under" both the "ADA and § 504." *Id.* at 2.  However, the factual allegations do not support her claims that Defendant "failed to provide meaningful access" to vocational rehabilitation services.

Title II prohibits disability discrimination in public services furnished by governmental entities. See 42 U.S.C. §§ 12131–12165.  Plaintiff has not clearly alleged that "that, because of her disability, she lacks 'meaningful access' to a public benefit to which she is entitled." Todd v. Carstarphen, 236 F. Supp. 3d 1311, 1328 (N.D. Ga. 2017) (citing Alexander v. Choate, 469 U.S. 287, 301, 105 S. Ct. 712, 83 L. Ed. 2d 661 (1985)).  "Difficulty in accessing a benefit, however, does not by itself establish a lack of meaningful access." Todd, 236 F. Supp. 3d at 1329.  As presented, Plaintiff alleges only that she encountered difficulties and disruptions in receiving vocational rehabilitation services.  Plaintiff did not allege facts which show that she "was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities," or that "the exclusion, denial of benefit, or discrimination was by reason of the ... disability." Parnes v. Orange Cnty. Sch. Bd., 751 F. Supp. 3d 1283, 1290

(M.D. Fla. 2024) (quoting Christmas v. Nabors, 76 F.4th 1320, 1333 (11th Cir. 2023)).

For example, Plaintiff complained that she has had three different vocational rehabilitation (VR) counselors assigned to her.  ECF No. 6 at 3.  Each reassignment allegedly caused "delays in services, disrupted ongoing communication, and required Plaintiff to repeatedly explain her goals and needs."  Id.  There are no allegations which reveal either that Plaintiff was denied the benefit of counseling, or that she was treated differently because of her disability.  That is especially true in light of Plaintiff's acknowledgment that it was her own "repeated need to request reassignment" which added to the delay.  Id. at 4.  Furthermore, Plaintiff said that she "repeatedly had to escalate routine issues to supervisors and upper-level management in order for assigned counselors to fulfill their basic responsibilities."  Id.  Those assertions do not support a finding of discrimination in the provision of services and benefits.

Plaintiff also complained that she "was assigned multiple VR venders, many of whom repeatedly failed to provide promised services."  Id. at 5.  She said that she "made repeated reports to her counselors regarding vender inaction, misleading guidance, or unethical instructions," yet she

Case No. 4:26cv23-MW-MAF

continued to experience "delays and failures."  ECF No. 6 at 5.  She

contends that job placement services were delayed for approximately a

year-and-a-half, and although she had "multiple VR vendors for job

placement assistance," none of them "resulted in meaningful services or

employment outcomes due to vender failures, inadequate oversight, and

counselor mismanagement."  *Id.* at 6.  Plaintiff also complained about

placement into a music program which was not age appropriate.  *Id.* at 11.

The allegations reveal Plaintiff's dissatisfaction with the information

provided by multiple vendors, results obtained, and program oversight

failures, *see* pages 6-11, but the facts alleged fail to show discrimination.

Rather, Plaintiff's amended complaint paints a picture of "systemic

dysfunction within the agency," *id.* at 4, but Plaintiff has not shown that she

suffered discrimination by the Defendant or was denied access to a benefit

or service because of her disability.

Plaintiff also contends that at some point, she "filed a complaint with

the Office for Civil Rights (OCR) regarding denial of services and

retaliation."  ECF No. 6 at 9.  She then experienced "[r]epeated delays and

denials" after engaging "in protected activity, including filing the OCR

complaint, reporting issues to the VR Ombudsman, requesting counselor

Case No. 4:26cv23-MW-MAF

reassignment, and communicating concerns regarding vendor performance and IPE updates." *Id.* at 10.

The ADA "prohibits retaliation against an individual who has 'opposed any act or practice made unlawful by' the Act's anti-discrimination provisions." Shotz v. City of Plantation, 344 F.3d 1161, 1164 (11th Cir. 2003). However, Plaintiff has not alleged facts which support her claim of retaliation. First, Plaintiff has not alleged that her counselors, vendors, or supervisors of her counselors were aware of her complaint or other protected First Amendment activity. Second, Plaintiff made only a conclusory assertion that "actions were . . . taken in retaliation against Plaintiff for engaging in protected activities," *id.* at 12, but she did not present facts which demonstrate she suffered an adverse action because she filed a complaint, communicated her concerns, or requested reassignments. Those conclusory allegations are insufficient to state a claim. Because Plaintiff has already been provided an opportunity to amend her complaint, it is now recommended that this case be dismissed.

## RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that

Plaintiff's amended complaint, ECF No. 6, be **DISMISSED** for failure to

state a claim upon which relief may be granted.

**IN CHAMBERS** at Tallahassee, Florida, on February 26, 2026.


 S/     Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  See 11th Cir. Rule 3-1; 28 U.S.C. § 636.**